Filed 5/19/26  P. v. Abate CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NATHAN DANIEL ABATE,<br><br>    Defendant and Appellant. | 2d Crim. No. B342494<br>(Super. Ct. No.23F-00265)<br>(San Luis Obispo County) |

Appellant Nathan Daniel Abate challenges his convictions of forcible rape (Pen. Code[1], § 261, subd. (a)(2)), rape of an intoxicated person (*id*., subd. (a)(3)), and oral copulation with a person under age 18 (former § 288a, subd. (b)(1) renumbered to § 287, subd. (b)(1) (stats 2018 ch. 423 § 49 (SB 1494) effective January 1, 2019)).  He contends we must reverse his convictions because the trial court erroneously excluded relevant evidence, improperly answered the deliberating jury's question, and the

---

[1] Further undesignated statutory references are to the Penal Code.

errors were cumulatively prejudicial. We disagree and will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

After one woman posted on social media accusing appellant of sexual assault, additional women came forward with similar accusations. They alleged that on multiple occasions between 2008 and 2013 appellant and his friend invited young women and underage girls to their house, gave them alcohol, and raped them.

Appellant was charged by information with two counts of forcible rape (§ 261, subd. (a)(2); counts 1 (victim A.) & 2 (victim L.), rape of an intoxicated person (*id.*, subd. (a)(3); count 3), and oral copulation with a person under age 18 (former § 288a, subd. (b)(1) now § 287, subd. (b)(1); count 4). Appellant was convicted by jury in counts 2, 3, and 4. The trial court declared a mistrial for count 1 after the jury failed to reach a verdict. The court sentenced appellant to an aggregate prison term of eight years, eight months.

## DISCUSSION

### *Exclusion of Defense Expert Testimony*

Appellant contends the court abused its discretion by excluding expert witness testimony regarding motivations for false accusations of sexual assault. He asserts the evidence was relevant "to help the jury evaluate the complaining witnesses' credibility" and testimony regarding motivations for making false allegations is "logically no different than having an expert testify about the common behaviors" of child sexual abuse victims. Appellant is wrong.

"A trial court's decision to admit evidence is reviewed for an abuse of discretion." (*People v. Lapenias* (2021) 67 Cal.App.5th 162, 170.) Its "'findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its

application of the law to the facts is reversible only if arbitrary and capricious.'" (*Ibid.*)  We will not "substitute our discretion for that of the trial court." (*Id.* at p. 174.)

Defense counsel sought to introduce expert testimony regarding motivations for making false allegations of sexual assault.  At a pretrial evidentiary hearing, the expert testified that based on research women may be motivated to make false allegations of sexual assault for sympathy, attention, to win a child custody case, because of personality disorders, or to escape the consequences of poor choices.

The trial court ruled the testimony inadmissible because it was not sufficiently beyond common experience to be helpful to the jury (Evid. Code § 801, subd. (a)) and because admitting the testimony would "undermine the duty of the jury to determine the truthfulness of the evidence."

The excluded testimony "was neither technical nor complex, and the trial court could reasonably have found that it would not assist the trier of fact because it addressed a matter readily understood by lay jurors." (*People v. McDowell* (2012) 54 Cal.4th 395, 427.)  Additionally, there is no authority to support his position that the excluded evidence is logically the same as expert testimony regarding Child Sexual Assault Accommodation Syndrome.  The court's decision was neither arbitrary nor capricious and there was no abuse of discretion.  (*People v. Lapenias*, *supra*, 67 Cal.App.5th at p. 174.)

*Trial Court's Answer to Deliberating Jury's Question*

Appellant asserts the court's response to a handwritten note from the deliberating jury was erroneous.  The note requested "[t]he Penal Code regarding sex or rape of a minor (by an adult).  If that can be brought to us and/or if that is or should be considered in this case. – Specific to Count 2  [¶]  Penal Code =

3

Law [¶] Main Question – Can consent be given by a minor for sex with an adult?"

Before responding, the trial court reconvened with the prosecutor and defense counsel. The court and both parties agreed the response to the jury would be, "You may consider only charges that have been filed against the defendant." The court asked the parties, "[T]hat's suitable?" and the parties responded affirmatively. The court then said, "I think it's a very unclear set of questions, and I want to be sure to answer the question they are actually asking." Defense counsel replied, "Understood." The court asked if there was anything further and defense counsel said, "Just, for the record, I did speak to [appellant]. He does know about the questions, and he's authorized me to appear for him for the questions."

Appellant now contends the "correct answer" to the jury's question should have been, "in the context of the charges . . . a minor *can* consent." He argues informing the jury that a minor can consent to sex with an adult "was necessary for jurors to understand that lack of consent and belief in consent still had to be proven even though the alleged victim was a minor."

We review a court's decision "to instruct, or not to instruct, in its exercise of its supervision over a deliberating jury" for abuse of discretion. (*People v. Waidla* (2000) 22 Cal.4th 690, 745-746.) However, we conclude this claim is forfeited because "defense counsel did not take the opportunity to suggest an alternative [response to the jury]. His endorsement of the court's proposal effectively foreclosed further exploration of possible responses to the jury's question. Therefore, his claim on this point has not been preserved." (*People v. Salazar* (2016) 63 Cal.4th 214, 248-249.)

4

Even if not forfeited, appellant's claim lacks merit. As the trial court noted, the jury's questions/comments were "very unclear." The jury requested additional law regarding "sex or rape of a minor (by an adult)" and whether a minor can consent to sex with an adult, related to count 2. But the question did not suggest the jury was confused by an instruction. The count 2 jury instructions did not mention the victim's age. Instructing the jury as appellant suggests that "in the context of the charges . . . a minor *can* consent" could create confusion where L.'s status as a minor was not an element of the charged crime. As our Supreme Court has noted, it is often risky for a trial court to offer comments that diverge from the standard instructions. (*People v. Beardslee* (1991) 53 Cal.3d 68, 97.

A court has a general obligation to attempt to clear up any instructional confusion expressed by the jury. But the court is not required to elaborate on the instructions given when they are full and complete. (*People v. Giardino* (2000) 82 Cal.App.4th 454, 465; § 1138.) "The court is required to instruct . . . 'on any point of law arising in the case' ([§] 1138) [b]ut . . . not required so to instruct on any 'point of law' merely associated therewith." (*People v. Waidla*, *supra*, 22 Cal.4th at p.746.)

By not providing additional instructions and directing the jury to focus only on the charges filed, the court did not abuse its discretion.

Moreover, any error was harmless under the *Watson* test.[2] Appellant has not shown it is reasonably probable he would have been acquitted of the charge of forcible rape of L. had the jury

---

[2] The trial court's violation of section 1138 does not require reversal unless prejudice is shown under the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Ainsworth* (1988) 45 Cal.3d 984, 1020.)

been instructed that a minor victim of forcible rape can consent. There was no evidence and appellant did not contend L. consented to sexual intercourse with him. Defense counsel argued L. had "contaminated memories" and "faulty memor[ies]" when she identified appellant as her assailant. The jury rejected this argument.

Since we conclude each of appellant's contentions lack merit, we likewise conclude his claim of cumulative prejudice lacks merit.

DISPOSITION

Judgment is affirmed.

NOT TO BE PUBLISHED.


CODY, J.


We concur:


YEGAN, Acting P. J.


BALTODANO, J.

6

Michael Frye, Judge
Superior Court County of San Luis Obispo

_____

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.